IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK A. SAUELS,<br>          Petitioner,<br><br>v.<br><br>LORIE DAVIS, *Director*, TDCJ-CID<br>          Respondent. | §<br>§<br>§<br>§   No. 3:18-cv-2750-K (BT)<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Sauels, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DISMISSED.

I.

On June 20, 2005, Petitioner was convicted of possession of a controlled substance with intent to deliver and was placed on community supervision. *State of Texas v. Derrick A. Sauels*, No. F-0354647 (Crim. Dist. Ct. No. 3, Dallas County, Tex., June 20, 2005). On May 10, 2013, his supervision was revoked, and he was sentenced to three years' confinement, which began on May 12, 2012. In his habeas petition, Petitioner argues Respondent miscalculated his sentence and subjected

1

him to double jeopardy. Respondent filed a motion to dismiss the petition arguing Petitioner is no longer in custody on the 2005 conviction.

II.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is satisfied when the challenged conviction has not fully expired at the time the petitioner files his § 2254 petition. *See Carafas v. Lavalle*, 391 U.S. 234, 238 (1968). Further, a person is not "in custody" for a conviction if he or she "suffers no present restraint" from the challenged conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

Here, Petitioner does not dispute that he fully served his sentence on the 2005 conviction in *State of Texas v. Derrick A. Sauels*, No. F-0354647. Although a court may, in some circumstances, construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated, *Maleng*, 490 U.S. at 489-90, Petitioner does not argue that his 2005 conviction was used to enhance any other sentence. Consequently, Respondent's motion to dismiss should be granted.

III.

The Respondent's motion to dismiss for lack of jurisdiction be GRANTED.

Signed April 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).